# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSHUA MICHAEL MARCHANT,

        Petitioner,

v.                                                            Case Number: 2:08-CV-14616

SHERRY BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Joshua Michael Marchant has filed a *pro se* petition for a writ of habeas corpus, challenging his conviction for possession of less than 25 grams of cocaine. He argues that the conviction is unconstitutional because it was based on insufficient evidence, and because he was denied his right to present a defense and received ineffective assistance of counsel. For the reasons set forth below, the court denies the petition.

## I. FACTS

The Michigan Court of Appeals summarized the facts adduced at trial leading to Petitioner's conviction as follows:

> Defendant's conviction arises from the discovery of cocaine during the execution of a search warrant at James Broughton's home on September 12, 2005. Three individuals were present when members of the Oakland County Narcotics Enforcement Team entered the home. The first person the team encountered was Gregory Mehlhorn, who was closest to the front door. Defendant stood in front of a couch on which a young female was sitting. A digital scale, hand scale, and plastic baggies were on top of an end table next to the couch. Three packages of crack cocaine were discovered on the floor, behind the end table and against a wall. It appeared to Detective Kevin

Cronin of the Farmington Hills Police Department that the packages were thrown behind the end table. Defendant was the closest individual to the packages. Sergeant Brent Miles of the Oakland County Sheriff's Department interviewed [D]efendant after he was arrested. Defendant told Sergeant Miles that he and Mehlhorn used cocaine for the past three days, that Mehlhorn bought that cocaine found in the trailer home, and that he planned to smoke the cocaine with Mehlhorn later that day.

*People v. Marchant*, No. 269427, slip op. at 1 (Mich. Ct. App. July 31, 2007).

## II. PROCEDURAL HISTORY

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of possession of less than 25 grams of cocaine. On March 7, 2006, he was sentenced as a fourth habitual offender to 18 months to 15 years' imprisonment.[1]

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.    Defendant was deprived of the right to present a defense when, due to the trial court's ruling and trial counsel's ineffectiveness, he was precluded from presenting evidence showing he was not in possession of the cocaine.

    II.    The prosecutor failed to present sufficient evidence of possession of cocaine and defendant has been denied due process of law.

    III.    The trial court erred in failing to give the mere presence instruction when the evidence presented showed that he had no knowledge that Mehlhorn was in possession of the cocaine.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Marchant*, No. 269427 (Mich. Ct. App. July 31, 2007).

---

[1] Petitioner was paroled on July 15, 2010.

2

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals and the following additional claims:

I. Appellate counsel was ineffective.

II. The circuit court judge abused his discretion and misused his authority by ignoring and neglecting case law by allowing this case to go to trial. The case law clearly demonstrates that the case did not have sufficient grounds to go to trial and should have been dismissed.

III. The trial judge abused his discretion by not suppressing the alleged confession at the *Walker* hearing.

The Michigan Supreme Court denied leave to appeal. *People v. Marchant*, No. 134825 (Mich. Jan. 24, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the following claims:

I. The prosecution failed to present sufficient evidence that Petitioner was in possession of the cocaine in question, in violation of Petitioner's rights under the Fourteenth Amendment's due process clause. The adjudication of this claim by the state courts therefore resulted in a decision that is contrary to, and/or constituted an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979), and which was based on an unreasonable determination of the facts in light of the evidence presented at trial.

II. Petitioner was deprived of his right to present a defense as a result of the trial court's arbitrary application of M.C.R. 6.201(J), which precluded him from calling a witness whose testimony was relevant and material to his defense, and the state courts' adjudication of this claim resulted in a decision that is contrary to, and/or constituted an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court in *Washington v. Texas*, 388 U.S. 14 (1967), and its progeny.

III. As an alternative to habeas claim two, Petitioner contends he was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment via trial counsel's failure to timely submit a witness list naming Mehlhorn, and the state courts' adjudication of this claim resulted in a decision that is contrary to, and/or constituted an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and/or was based on an unreasonable determination of the facts in light of the evidence presented in the trial court.

### III. STANDARD

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court

4

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## IV. DISCUSSION

### A. Sufficiency of the Evidence

In his first claim for habeas relief, Petitioner argues that insufficient evidence was presented to sustain his conviction. Specifically, Petitioner argues that the prosecutor failed to establish beyond a reasonable doubt that he had possession of the cocaine.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16). "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S.

422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, possession of a controlled substance requires a showing of "dominion or right of control over the drug with knowledge of its presence and character." *People v. McKinney*, 258 Mich. App. 157, 165 (2003) (internal quotation omitted). "Possession may be either actual or constructive, and may be joint as well as exclusive." *Id.* at 166. Mere presence where the controlled substance was found is insufficient to establish possession; rather, an additional connection between the defendant and the controlled substance must be established. *People v. Wolfe*, 440 Mich. 508, 520 (1992), *modified*, 441 Mich. 1201 (1992). Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance. *Id.* at 521.

The Michigan Court of Appeals held that sufficient evidence was presented to show possession of the cocaine, reasoning, in relevant part:

> "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v. Wolfe*, 440 Mich. 508, 515; 489 N.W.2d 748 (1992), amended 441 Mich. 1201 (1992). . . .
>
> Here, defendant's statements to Sergeant Miles that he used cocaine with Mehlhorn for the past three days, knew about the cocaine found in the trailer home and intended to use it with Mehlhorn, combined with Detective Quinn's testimony that defendant was found in close proximity to the cocaine, supports a reasonable inference that defendant had at least a right to control the cocaine and knew of its presence. Viewed in a light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that defendant jointly and constructively possessed the cocaine with Mehlhorn.

*Marchant*, slip op. at 3.

The Michigan Court of Appeals, although not specifically citing *Jackson*, clearly cited case law incorporating the *Jackson* standard. Considered in the light most favorable to the prosecution, the evidence presented at trial, most notably Petitioner's statement to police, clearly supported a finding that the prosecutor established beyond a reasonable doubt that Petitioner was in possession of the cocaine. Therefore, the court finds that the state court's holding was not contrary to or an unreasonable application of Supreme Court precedent.

### B. Right to Present a Defense and Ineffective Assistance of Counsel

Next, Petitioner argues that he was denied his right to present a defense when the trial court denied his request to adjourn the trial to transport Mehlhorn from a correctional facility to the courthouse. Contrary to the trial court's discovery order requiring the defense to provide the prosecutor with a witness list by fourteen days prior to trial, Mehlhorn was not named as a witness until after trial commenced.

Respondent argues that this claim is procedurally defaulted and, therefore, may not be reviewed on its merits by this court. "Federal review is barred altogether by the doctrine of procedural default when 'a petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.'" *Middlebrooks v. Bell*, 2010 WL 3419445, at *6 (6th Cir. Sept. 1, 2010) (quoting *Mitchell v. Mason*, 325 F.3d 732, 738 (6th Cir. 2003)). Procedural default applies if the following requirements are met:

> first, the procedural rule applied to the petitioner and he failed to follow it; second, the state court actually denied his claim based on the state procedural rule; and third, the rule constituted an adequate and independent

7

> state ground to deny relief, meaning that the rule was firmly established and
> regularly followed in the state courts.

*Id.* (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). If the requirements are satisfied, procedural default may be excused if a petitioner either demonstrates cause for the default and actual prejudice, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* (citing *Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009)).

Trial counsel failed to object to the trial court's decision not to grant an adjournment to allow the presence of Mehlhorn on the ground that it violated Petitioner's due process right to present a defense. The Michigan Court of Appeals, because of counsel's failure to object on this basis, reviewed the claim only under the more restrictive "plain error" standard of review. It is now well-established that the Michigan Court of Appeals' application of plain-error review constitutes the invocation of an independent and adequate procedural rule that bars federal review of the merits of his claim absent a showing of "cause and prejudice." *See Fleming v. Metrish*, 556 F.3d 520, 530 (6th Cir. 2009).

To establish "cause," a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Haylim v. Mitchell*, 492 F.3d 680, 690-91 (6th Cir. 2007) (quoting *Murray*, 477 U.S. at 488). "Prejudice . . . requires a showing that errors at trial 'worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 690-91 (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)).

Petitioner alleges ineffective assistance of trial counsel as cause to excuse his procedural default. "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error. . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." *Coleman v. Thompson,* 501 U.S. 722, 753-54 (1991).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* at 1420 (internal quotation omitted).

9

The Michigan Court of Appeals held that Petitioner failed to establish that counsel was ineffective in failing to comply with the trial court's discovery order. The state court considered the prejudice prong of *Strickland* first and concluded that Petitioner was not prejudiced by his attorney's actions. The state court reasoned that Petitioner had the burden of establishing the factual predicate for his claim and failed to make an offer of proof regarding Mehlhorn's testimony. Additionally, the state court concluded that, even accepting Mehlhorn's preliminary examination testimony, in which he stated the cocaine was his, as an offer of proof, Petitioner failed to establish prejudice. The state court noted that the judge who presided over the preliminary examination specifically found Mehlhorn not to be a credible witness. The state court further noted that the investigating police officer testified that Mehlhorn's story as to where the cocaine was and where he put it was inconsistent with the location of the cocaine when police entered the premises. Mehlhorn repeatedly told police and testified that Petitioner was like a son to him and he did not want Petitioner to get into trouble. Finally, Petitioner's own testimony that he had been using cocaine with Mehlhorn for three days prior to the raid supported a finding that he was in joint possession of the cocaine. *Marchant*, slip op. at 2-3.

The Michigan Court of Appeals, although not citing *Strickland*, cited case law incorporating the *Strickland* standard. The court finds that the state court's decision was not contrary to or an unreasonable application of *Strickland*. Although counsel should have complied with the trial court's discovery order, Petitioner has failed to show a reasonable probability that, if Mehlhorn had testified, the result of the proceeding would have been different.

Thus, Petitioner has failed to establish cause to excuse his procedural default, and his claim is barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.* at 321. Thus, Petitioner must assert a constitutional error along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court further explained this standard as follows:

> The . . . standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial. . . . The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . evidence tenably claimed to have been wrongly excluded or to have become available only after trial.
>
> . . . .
>
> . . . [A]ctual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* (internal quotation omitted).

Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, his claim that he was denied his right to present a defense is barred from consideration by procedural default and his ineffective assistance of counsel claim is denied.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the court will deny a certificate of appealability.

## VI. CONCLUSION

The petitioner has not shown he is incarcerated in violation of federal law as determined by the Supreme Court.

Accordingly, it is ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DENIED.

It is further ORDERED that a certificate of appealability is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: September 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2010, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522